McGEE v. WELLS.

1. DEED—PRESUMPTION.—The possession of a deed by a grantee, and recording it, raises the presumption of delivery.
2. FRAUD.—EVIDENCE tending to show that debtor had other property not levied on at date of deed alleged to have been executed to defraud creditors, is competent to show the *bona fides* of the transaction.
3. EXCEPTIONS too general.
4. CHARGE—FRAUD.—An instruction that a conveyance of land for a grossly inadequate price warrants the jury in setting the deed aside, invades the province of the jury.
5. FRAUD—PRESUMPTION.—A conveyance of land by insolvent debtor for grossly inadequate price, and retention of possession, and failure by grantee to record the deed, are strong badges of fraud, but not an irrebutable presumption of it.
6. LIEN—A JUDGMENT is a lien on land conveyed by insolvent debtor to defraud his creditor.
7. FRAUD—CONSTITUTION—MARRIED WOMEN.—Since the Con.of 1868, a husband may pay his wife a debt by conveyance of land, and such conveyance of land is no more a badge of fraud than with any other creditor.
8. IBID.—PRESUMPTION.—Where there are facts, not satisfactorily explained, from which the law infers fraud, they will defeat the deed of insolvent debtcr, even where there is no actual fraud shown.
9. EQUITABLE ISSUES — RESULTING TRUST — PLEADING —ANSWER— JURY.—When an answer to an action for the possession of land raises the question of resulting trust, that must be decided by the Court of Equity, and not submitted to the jury.

Before ALDRICH, J., Greenwood, November, 1897. Reversed.

Action by S. J. McGee and Jesse Thompson *v.* Mrs. P. J. Wells, for possession of land. Judgment for defendant. Plaintiffs appeal.

*Messrs. Graydon & Graydon,* for appellant, cite: *Declarations to show resulting trust:* 4 Gray, 584; 46 S. C., 193; 19 S. C., 156. *Conveyance for grossly inadequate price is badge of fraud:* 21 S. C., 270. *Badges of fraud:* 22 S. C., 200; 1 Hill, 16. *Judgment lien on land sold to defraud creditor:* 34 S. C., 559. *Resulting trust:* 19 S. C., 156. *Charge on facts:* 50 S. C., 161; 47 S. C., 488.

*Messrs. Perrin & Cothran,* contra, cite: *Delivery of deed sufficiently proved:* 10 Rich., 219; 19 S. C., 216. *Relevancy left largely to discretion of Judge:* 43 S. C., 99. *Resulting trust established by parol:* 51 S. C., 831; 46 S. C., 196; 19 S. C., 126; 23 S. C., 257; 16 S. E. R., 496; 13 Cent. Rep., 217; 9 At. R., 259. *Exceptions too general:* 30 S. C., 167; 51 S. C., 55. *Charge on facts:* Sec. 26, art. V., Con. 1895; 47 S. C., 505; 28 S. C., 255; 32 S. C., 54. *Badges of fraud:* 2 Hill Ch., 31; 21 S. C., 390, 272; 52 S. C., 132; 20 S. C., 233; 13 S. E. R., 619. *Judge did not submit to jury question of resulting trust:* 32 S. C., 595, 590. *Debtor may prefer one creditor by mortgage:* 28 S. C., 444. *Both parties must participate in fraud:* 15 S. C., 57; 76 Ind., 195.

June 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The plaintiff brought this action to recover possession of the tract of land described in the complaint, claiming under a deed executed by the sheriff on the 21st of March, 1893. The property was sold under executions issued upon judgments recovered by the plaintiffs against J. W. Wells. The defendant, after denying in her answer certain allegations of the complaint, set up as a defense a resulting trust in the land in her favor. Upon the trial of the case the defendant also relied upon a deed of conveyance executed by J. W. Wells, and recorded prior to the said sheriff's deed. The jury rendered a verdict in favor of the defendant.

The plaintiffs appealed upon exceptions, the first of which is as follows: "I. Because his Honor erred in allowing the deed of the defendant from J. W. Wells to be offered in evidence, there being no proof made by the witnesses that the same was ever delivered to the defendant, or that it was executed as required by law." An examination of the case shows that there was testimony tending to prove delivery of the deed, and that it was executed in the manner provided by law. Furthermore, the possession of the deed by the defendant and the recording thereof, raised

the presumption that it was delivered. *Williams* v. *Sullivan*, 10 Rich. Eq., 219; *McDaniel* v. *Anderson*, 19 S. C., 216.

The second and third exceptions are as follows: "II. Because his Honor erred in allowing the witness, H. G. Hartzog, to testify, notwithstanding objections of the plaintiff, as to what J. W. Wells said to him on the day the said J. W. Wells bought the land in dispute from the executors of James A. Bailey, deceased, the same being irrelevant to the issue involved in this action, and being incompetent to prove the alleged resulting trust in favor of the defendant. III. Because his Honor erred in allowing the defendant to testify as to what she said to the defendant on the morning of the day he purchased the lot in dispute from the Bailey estate, the same being irrelevant to the issue involved in this case, and incompetent to prove the resulting trust alleged by the answer of the defendant to have been created in her favor." The defendant urges as an objection to the consideration of these exceptions that they are too general. Waiving, however, this objection, they raise no practical question under the views hereinafter expressed as to the resulting trust.

The fourth exception is as follows: "IV. Because his Honor erred in allowing the witness, R. M. Hayes, to testify that J. W. Wells had other property at the time he made the conveyance of the lot in question to the defendant." The testimony was competent as tending to show that the conveyance therein mentioned was *bona fide*. The insolvency of the grantor at the time he makes the conveyance is a circumstance to be considered by the jury in determining the question of fraud.

The fifth exception was abandoned.

The sixth and seventh exceptions are as follows: "VI. Because his Honor erred in allowing the witness, J. W. Wells, to testify, notwithstanding the objection of the plaintiff, as to a conversation with W. H. Bailey one year after the sale, and after the delivery of the deed. VII. Because his Honor erred in allowing

the witness, J. W. Wells, to testify, notwithstanding the objection of the plaintiff, as to a conversation he had with C. A. C. Waller more than a year after the sale of the lot, and after the deed was delivered to him." These exceptions are too general for consideration. *Weatherly* v. *Covington*, 51 S. C., 55.

The eighth exception is as follows: "VIII. Because his Honor refused to charge the jury upon the request of the plaintiffs, as follows: '2. That if the jury find from the evidence that the property was conveyed by the said J. W. Wells to the defendant for a grossly inadequate consideration, that is, much less than it was worth at the time the deed was made, then that becomes a strong badge of fraud, and one which warrants the jury in setting the deed aside.'" The Judge is not bound to charge a request which contains an unsound proposition of law, although the other parts of the request may set forth sound propositions. The vice in this request was in using at the end thereof the words, "and one which warrants the jury in setting the deed aside." If the Judge had charged as requested, he would have invaded the province of the jury. Whether the jury were warranted in setting aside the deed, depended upon all the facts and circumstances of the case. Furthermore, if the Judge had charged the request, he would have eliminated from the consideration of the jury those facts and circumstances upon which the defendant relied to explain the alleged badges of fraud.

This request was obnoxious to the principles announced in the case of *Perkins* v. *Douglass*, 52 S. C., 132, in which Mr. Justice Jones quotes with approval the following language from the case of *Nelson* v. *Good*, 20 S. C., 231: "The true rule is that, while these badges of fraud constitute such strong evidence that they will be regarded as conclusive unless explained by the most satisfactory testimony, yet they do not constitute such a presumption of fraud as to be irrebutable. * * * When satisfactory evidence is offered to explain them, it becomes a question of

fact to be determined by that branch of the Court invested with jurisdiction to determine such issues of fact, whether, under all the circumstances, the transaction brought in question is *bona fide* or fraudulent."

The ninth exception is as follows: "IX. Because his Honor erred in refusing to charge the jury, upon the request of the plaintiff, as follows: '3. That if the jury find from the evidence that the deed from J. W. Wells to the defendant was made in consideration of a pre-existing debt, and at a time when the grantor was indebted to the plaintiffs in considerable sums, and that there was no change of possession, but that the grantor continued to treat it as his own, and pay the taxes on it, the law infers fraud, and the inference is incapable of being rebutted or explained.'" This exception is disposed of by what was said in considering the eighth exception.

The tenth exception is as follows: "X. Because his Honor erred in refusing to charge the jury, upon the request of the plaintiff, as follows: '4. That if the jury find from the evidence that after the deed above mentioned was executed, the grantor retained possession of it, without delivering it to the defendant, and did not even have it recorded until after the plaintiffs caused the land to be advertised for sale under their judgment and executions, that would be a strong badge of fraud, and would warrant the jury in setting the deed aside.'" This exception is disposed of by what was said in considering the eighth exception.

The eleventh exception is as follows: "XI. Because his Honor erred in charging the jury as follows: 'The lien is not retrospective. The lien goes upon the real estate of the judgment debtor which he owns at the time the judgment is obtained, but the lien on that judgment not being retrospective, does not attach to or fix upon land which he has disposed of prior to the rendition of that judgment, and which he at that time did not own.'" The appellant contends that this exception should be sustained, because the judgment not only created a lien upon

the property owned by the debtor at the time of its entry, but also upon property which had been conveyed by the debtor to defraud his creditors. When that part of the charge set forth in the exception is considered in connection with the other parts of the charge, it will be seen that his Honor charged the jury to that effect.

The twelfth exception is as follows: "XII. Because his Honor erred in charging the first request of the defendant, which was as follows: 'If the jury believe from the evidence that Mr. Wells had Mrs. P. J. Wells' money, and at her request purchased the lot of land in suit from the Bailey estate, and that he paid a part or the whole of the purchase money from the funds of hers, there was a resulting trust in favor of Mrs. Wells, and the fact that the deed was made in the name of J. W. Wells, did not affect her right to the property.'" The views hereinafter stated in regard to the resulting trust rendered the question raised by this exception of no practical importance upon this appeal, and, therefore, it will not be considered.

The thirteenth and fourteenth exceptions are as follows: "XIII. Because his Honor erred in charging the second request of the defendant, which was as follows: '2. That if the jury believe from the evidence that Mr. Wells was indebted to Mrs. Wells at the time of making the deed, that he had a right to pay her by conveyance of this property as his creditor.' XIV. Because his Honor erred in charging the jury the fifth request of the defendant, which is as follows: '5. That a conveyance by a husband to his wife in the payment of a *bona fide* debt of the husband's to the wife is no more a badge of fraud, since the Constitution of 1868, than a conveyance by him to any other creditor would be.'" The appellants rely upon sec. 8, art. XIV., Constitution of 1868. The questions raised by these exceptions are conclusively settled by the case of *Gerald* v. *Gerald*, 28 S. C., 442, in which Mr. Chief Justice McIver says: "Appellant contends that such a transaction between husband and wife as is here brought in question, is

forbidden by the proviso to sec. 8, árt. XIV., of the Constitution, declaring 'that no gift or grant from the husband to the wife shall be detrimental to the just claims of his creditors.' In answer to this it would be sufficient to say that the bond and mortgage here brought in question was neither a gift nor a grant from the husband to the wife, but was simply a security for the repayment of money which he had borrowed from her. But, in addition to this, we do not think that the clause of the Constitution relied on was inserted for the purpose contended for; but that its object was to prevent any inference that might possibly otherwise be drawn from the preceding provision of the section, that property acquired by the wife from her husband, *in any way,* even by gift or voluntary conveyance, should not be subject to the payment of his debts. For it will be observed that the language used in the previous part of the section is very general and sweeping. 'The real and personal property of a woman, held at the time of her marriage or that which she may thereafter acquire, either by *gift,* grant, inheritance, *devise* or otherwise, shall not be subject to levy or sale for her husband's debts.' This language unqualified might have warranted the conclusion that property *given* to the wife by an insolvent husband in his lifetime or *devised* to her by his will, could not be subjected to the payment of his debts. Hence the necessity for the qualification found in the proviso to the section."

The fifteenth exception is as follows: "XV. Because his Honor erred in charging the jury the seventh request to charge, submitted by the defendants, which was as follows: '7. If at the time of the deed from Wells to his wife she was a *bona fide* creditor of his, then the question of "legal fraud" cannot arise, but actual fraud would have to be shown by the plaintiffs, and it would not be sufficient to show fraud in J. W. Wells alone, but Mrs. Wells must also be shown to have been a party to the fraud." The proposition of law stated in the request was not sound, and his Honor erred in so charging. It took from the jury the

consideration of those facts from which the law, in the absence of a satisfactory explanation, would infer fraud—such, for instance, as the retention of possession by the debtor, after he had conveyed the property.    When there are facts not satisfactorily explained, from which the law infers fraud, they will defeat the title of the grantee even where there is no actual fraud.

The sixteenth and eighteenth exceptions were abandoned.

The seventeenth exception is as follows: "XVII. Because his Honor erred in submitting to the jury at all the question of a resulting trust, raised by the answer of the defendant, that being a pure question of law for the consideration of the Court, and not being proper to be considered by the jury at all."    The answer set up as a defense that there was a resulting trust; this raised an issue on the chancery side of the Court, and should have been decided by the Judge in the exercise of his chancery powers, and not by the jury.    It is true, much of the testimony introduced for the purpose of establishing the resulting trust was competent, as tending to negative the alleged fact that the deed to Mrs. P. J. Wells was executed to defraud the creditors of J. W. Wells, but it is impossible to tell whether the jury found that it was sufficient to establish the resulting trust or to negative the idea of fraud.    If the purchase money were paid in part only with money belonging to Mrs. P. J. Wells, then there was a resulting trust simply to that extent, but not in the entire lot of land.    So that, even if this Court were of opinion that the merits of the resulting trust should be considered, there would, nevertheless, have to be a new trial, as there was error on the part of the presiding Judge in charging as stated in the defendant's first request.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial, as well as for such other proceedings as may be necessary to carry out the views herein announced.